IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CARLA HALL,                              )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )        Civil Action
                                         )        File No.: 1:21-CV-04839-TWT
PUBLIX SUPER MARKETS, INC.,              )
                                         )
            Defendant.                   )
                                         )
                                         )

## PETITION FOR REMOVAL

TO:   The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COMES NOW, Defendant Publix Super Markets, Inc., "Publix" hereinafter, by and through undersigned counsel, and hereby files this Petition for Removal and respectfully shows this Court the following:

1.     A civil action has been filed and is now pending in the State Court of Fulton County, State of Georgia, designated as Civil Action File No. 21EV001042.

2.     The Summons and Complaint for Damages in that action were filed in the State Court of Fulton County on February 18, 2021 and were first received by Publix by service through Publix's registered agent on February 26, 2021.  Plaintiff's counsel file a Notice of Agreement to Extend Answer allowing Publix to Answer the

Complaint on April 23, 2021. Publix timely filed its Answer to Plaintiff's Complaint on April 23, 2021. Publix then filed an Amended Verified Answer on November 18, 2021.

3.      Publix files herewith a copy of all process, pleading, and orders including the Summons and Complaint in this action, pursuant to 28 USC §§ 1446 and 1446(b), which are attached hereto as:

- Exhibit A, Summons;

- Exhibit B, Complaint;

- Exhibit C, Affidavit of Service;

- Exhibit D, Plaintiff's First Interrogatories to Publix;

- Exhibit E, Plaintiff's First Request for Admissions to Publix;

- Exhibit F, Plaintiff's First Request for Production of Documents to Publix;

- Exhibit G, Notice of Agreement to Extension Answer;

- Exhibit H, Publix's Answer and Defenses to Plaintiff's Complaint;

- Exhibit I, Publix's Demand for Jury Trial by Twelve;

- Exhibit J, Rule 5.2 Certificate of Serving Discovery to Plaintiff;

- Exhibit K, Plaintiff's Leave of Absence;

- Exhibit L, Rule 5.2 Certificate of Plaintiff's Discovery Responses to Publix;

- Exhibit M, Notice of Appearance of Sara Kelly for Plaintiff;

- Exhibit N, Joint Motion to Extend Discovery;

- Exhibit O, Order Extending Discovery;

- Exhibit P, Rule 5.2 Service of Notice of Plaintiff's Deposition;

- Exhibit Q, Rule 5.2 Service of Publix's Supplemental Responses to Plaintiff's Request for Production of Documents;

- Exhibit R, Rule 5.2 Service of Publix's Non-Party Request for Documents to State Farm;

- Exhibit S, Joint Consent Motion to Extend Discovery and Proposed Order;

- Exhibit T, Leave of Absence of Sara Kelly;

- Exhibit U, Publix's Amended Verified Answer to Plaintiff's Complaint;

- Exhibit V, Leave of Absence of Melissa Greene;

- Exhibit W, Plaintiff's Responses to Publix's Request for Admissions;

- Exhibit X, Redacted Portion of Publix's 6.4 Letter to Plaintiff's Counsel[1];

- Exhibit Y, Redacted Portion of Plaintiff's 6.4 Letter Response[2];

---

[1] The full 6.4 letter has been redacted for privacy purposes. Please advise if the Court would like the full 6.4 letter to be mailed under separate cover.
[2] The full 6.4 letter response has been redacted for privacy purposes. Please advise if the Court would like the full letter to be mailed under separate cover.

- Exhibit Z, Redacted Portion of Plaintiff's Supplemental Interrogatory Responses[3];

- Exhibit AA, Redacted Portion of Medical Bills[4];

- Exhibit BB, Redacted Portion of Plaintiff's Deposition[5];

4.      Publix is now, was at the commencement of this suit, and at all times since been a Domestic Corporation organized and existing under the laws of Florida and having its principal place of business located at 3300 Publix Corporate Parkway, Lakeland, Florida  33811.

5.      Plaintiff is a citizen of the State of Georgia.

6.      The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Publix pursuant to the provisions of 28 USC §§§ 1332, 1441, and 1446(b)(3) et seq., in that there is complete diversity among the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

When deciding whether the amount in controversy has been satisfied, the District Court can use its judicial experience and common sense in determining whether a case satisfies the amount in controversy. Roe v. Michelin North America,

---

[3] The full supplemental responses have been redacted for privacy purposes. Please advise if the Court would like the full supplemental responses to be mailed under separate cover.
[4] The full billing records have been redacted for privacy purposes. Please advise if the Court would like the full billing records to be mailed under separate cover.
[5] The deposition transcript has been redacted for privacy purposes. Please advise if the Court would like the full deposition transcript to be mailed under separate cover.

Inc., 613 F.3d. 1058, 1064 (11th Cir. 2010); see also Carr v. Halloway, No. 5:09-CV-327, 2010 WL 3937407 (M.D. Ga. Oct. 1, 2010) (granting motion for reconsideration in light of *Roe v. Michelin North America, Inc.* and concluding under *Roe* standard that amount in controversy was satisfied based on allegations in complaint); see also Dye v. Amdocs Development Centre India, LLP, No. 1:18-cv-02122, 2020 WL 5215182 (N.D. Ga. Aug. 31, 2020) (finding amount in controversy satisfied after medical records submitted with the plaintiff's pre-suit demand demonstrated the plaintiff's recommended surgery would increase the damages in excess of the required amount in controversy).

Prior to November 8, 2021, there was no opportunity for Publix to remove this case to Federal Court. At the outset of litigation, Publix served Requests for Admissions upon Plaintiff to determine if her damages satisfy the amount in controversy prong to remove the case to federal court. However, in Plaintiff's May 24, 2021 response to Publix's Request for Admissions, Plaintiff stated the information known or readily obtainable by Plaintiff is insufficient to enable her to admit or deny the Request. [Exhibit W]. After not receiving any supplemental discovery responses from Plaintiff in relation to her damages, Publix sent Plaintiff's counsel a 6.4 letter seeking an updated itemization of Plaintiff's damages, as well as supporting documents. [Exhibit X]. Plaintiff failed to respond to the 6.4 letter until November 8, 2021, citing issues obtaining records from Plaintiff's providers. [Exhibit Y]. The

updated itemization provided by Plaintiff's counsel shows Plaintiff's medical bills total $52,418.12. [Exhibit Z].  However, the most updated billing records for Plaintiff's treatment, received on November 4, 2021, show one provider's bills, which Plaintiff listed in her itemization as totaling $4,425.00, have increased to now total $6,225.00. [Exhibit AA]. This brings Plaintiff's total medical bills incurred to-date to $54,218.12.

As to Plaintiff' lost wages, in the updated itemization provided on November 8, 2021, Plaintiff's lost wage figure is listed as "TBD". [Exhibit Z]. However, in Plaintiff's November 4, 2021 deposition, she testified she missed at least six months from work and is seeking lost wages.  [Exhibit BB, p. 49, l. 13-17].  Considering she earns $23.00 per hour and works full time, Plaintiff's lost wages total at least $22,080.00. [Id. at p. 110, l. 1]. The medical bills obtained in discovery as well as Plaintiff's testimony regarding her lost wages bring Plaintiff's special damages figure to $76,298.12. This exceeds the minimum necessary amount in controversy figure.

Moreover, Plaintiff's damages will further exceed this figure, as Plaintiff testified she has called out of work additional days due to her injuries sustained in this incident. [Exhibit BB, p. 110, l. 19-24].  Further, Plaintiff testified that, along with lost wages, she is claiming a lost ability to work. [Id. at p. 110, l. 25 – p. 112, l. 1-4].

As Plaintiff's Complaint has not been filed for more than one year, and thirty days has not elapsed since Publix obtained the Plaintiff's November 8, 2021 supplemental discovery responses confirming her damages exceed the minimum

threshold necessary for the amount in controversy under diversity jurisdiction, Publix timely files this Petition for Removal pursuant to 28 USC § 1446 (b)(3).

9.      Publix has attached hereto a copy of Publix's Notice of Removal in the State Court of Fulton County, Georgia.  [Exhibit CC].

10.     This action is currently pending in the State Court of Fulton County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division.  28 U.S.C.A. § 1446(a).

WHEREFORE Publix prays the above action now pending before the State Court of Fulton County, Georgia be removed to this Court.

This 23rd day of November, 2021.

Respectfully submitted,

COPELAND, STAIR, KINGMA & LOVELL, LLP

191 Peachtree Street NE, Suite 3600
Atlanta, Georgia 30303-1740
Phone: (404) 522-8220
Fax: (404) 523-234
cmcdaniel@cskl.law
mgreene@cskl.law

By: /s/ *Melissa C. Greene*
    CHARLES M. MCDANIEL, JR.
    State Bar No. 487905
    MELISSA C. GREENE
    State Bar No.: 580723

    *Attorneys for Publix Super Markets, Inc.*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CARLA HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action |
| | ) | File No.: |
| PUBLIX SUPER MARKETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

I hereby certify that I have this day served a copy of the within and foregoing

**PETITION FOR REMOVAL** upon all parties to this matter via electronic filing,

addressed to counsel of record as follows:

Tifanie Owens
Sara Kelly
BEY & ASSOCIATES, LLC
191 Peachtree Street, NE, St. 3200
Atlanta, Georgia 30303
tifanie@beyandassociates.com
sara@beyandassociates.com

This 23rd day of November, 2021.

Respectfully submitted,

COPELAND, STAIR, KINGMA &
LOVELL, LLP

Copeland, Stair, Kingma
& Lovell, LLP

7979726v.1

191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 522-8220
Facsimile (404) 523-2345
cmcdaniel@cskl.law
mgreene@cskl.law

By: */s/ Melissa C. Greene*
    CHARLES M. MCDANIEL, JR.
    Georgia State Bar No. 487905
    MELISSA C. GREENE
    Georgia State Bar No. 580723

    *Attorneys for Publix Super Markets,*
    *Inc.*