EXHIBIT A

State Court of Fulton County
**E-FILED**
21EV001042
2/18/2021 8:01 AM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

**STATE COURT OF FULTON COUNTY**
**Civil Division**

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

   You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____   Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.   _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

Copy from re:SearchGA

EXHIBIT B

State Court of Fulton County
**E-FILED**
21EV001042
2/18/2021 8:01 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CARLA HALL** | ) |
| | ) **CIVIL ACTION** |
| **Plaintiff,** | ) **FILE NO.** |
| | ) |
| **v.** | ) |
| | ) **JURY TRIAL DEMAND** |
| **PUBLIX SUPER MARKETS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### VERIFIED COMPLANIT.

**COMES NOW**, Plaintiff Carla Hall (hereinafter "Plaintiff Hall"), in the above-styled action, and files this Verified Complaint against the Defendant, Publix Super Markets, Inc. (hereinafter "Defendant Publix") shows the court as follows:

### PRELIMINARY STATEMENT

1.

This is a civil action seeking to hold Defendant Publix liable for the incident that occurred on March 15, 2019, causing personal injuries to Plaintiff Hall.

### PARTIES, JURISDICTION, AND VENUE

2.

At all relevant times in the instant litigation, Plaintiff Hall was a citizen of the United States and residing in the State of Georgia.

3.

At all relevant times in the instant litigation, Defendant Publix Super Markets, Inc. was a foreign profit corporation existing under the laws of the state of Florida and is authorized to transact business in the State of Georgia and may be served with process through its registered

Copy from re:SearchGA

agent Corporate Creations Network, Inc. at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066 in Cobb County.

4.

This incident occurred in Defendant's premises located at 3730 Carmia Drive, #200, Atlanta, GA 30331 in Fulton County.

5.

Defendants are subject to this venue and jurisdiction under Article VI, Section II, Paragraph VI of the Constitution of the State of Georgia.

## **OPERATIVE FACTS**

6.

On March 17, 2019, Plaintiff Hall was an invitee at Publix Super Markets, Inc. located at 3730 Carmia Drive, #200, Atlanta, GA 30331 in Fulton County.

7.

On approximately the same date, Defendant Publix was the owner of the Publix Super Markets, Inc. located at 3730 Carmia Drive, #200, Atlanta, GA 30331.

8.

At all times relevant to this action, Defendant Publix owed Plaintiff Hall a duty to exercise ordinary care in keeping the premises and approaches safe.

9.

At all times relevant to this action, Plaintiff Hall was an invitee, as she was invited on the premises and acted on said invitation by entering Defendant's place of business for the lawful purpose of purchasing household items.

-2-

Copy from re:SearchGA

10.

Plaintiff was near the deli section looking at the salads.

11.

At approximately the same date, time and location, an employee of Defendant Publix came near Plaintiff hall to stock shelves.

12.

While Plaintiff Hall stopped at the aisle, the employee dropped a large heavy box hitting Plaintiff Hall on the back of her head and the bone in her neck.

13.

As a result of the incident, she suffered severe injuries including, but not limited to, her head, neck, chest and lower back that required significant medical treatment.

## COUNT I – NEGLIGENCE

14.

Plaintiff Hall incorporates by reference, as fully set forth herein, Paragraph 1 through 12 of the Complaint in its entirety.

15.

Defendant Publix owed Plaintiff Hall a duty to exercise ordinary care in keeping the premises and approaches safe.

16.

Defendant Publix breached its duty to exercise ordinary care in keeping the premises and approaches safe.

17.

Defendant Publix knew or should have known that Plaintiff Hall was in the aisle while the

-3-

Copy from re:SearchGA

employee was stocking the shelves.

18.

Defendant Publix negligently allowed an employee to drop heavy items while customers were shopping causing said item to fall on Plaintiff Hall.

19.

Defendant Publix negligently failed to train their employees to properly stock the shelves.

20.

As a result of the incident Plaintiff Hall suffered bodily injuries that required medical treatment.

21.

As a direct and proximate result of Defendant Publix's negligence, Plaintiff sustained significant physical and emotional injuries.

22.

As a direct and proximate result of Defendant Publix's negligence, Plaintiff was required and underwent medical treatment for her injuries.

23.

As a direct and proximate result of Defendant Publix's negligence, Plaintiff incurred significant medical expenses.

24.

Defendant Publix's negligence was a direct and proximate cause of injury to Plaintiff, including personal injuries; medical expenses; physical and emotional pain and suffering; and mental anguish.

Copy from re:SearchGA

## COUNT II – NEGLIGENT HIRING, TRAINING & SUPERVISION

25.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

26.

Defendant Publix was negligent in hiring the employee that injured Plaintiff and entrusting him to properly stock the shelves.

27. .

Defendant Publix was negligent in failing to properly train the employee that injured Plaintiff.

28.

Defendant Publix was negligent in failing to properly supervise the employee that injured Plaintiff.

29.

Defendant Publix's negligence in hiring the employee that injured Plaintiff and entrusting him with to properly stock shelves and failing to train and supervise him properly was the sole and proximate cause of the incident, and Plaintiff's resulting injuries.

## <u>COUNT III – DAMAGES</u>

30.

Plaintiff Hall re-alleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

31.

As a result of Defendant's negligence, Plaintiff Hall suffered significant injuries.

-5-

Copy from re:SearchGA

32.

As a result of Defendant's negligence, Plaintiff Hall has a claim for past medical expenses.

33.

As a result of Defendant's negligence, Plaintiff Hall has a claim for future medical expenses.

34.

As a result of Defendant's negligence, Ms. Hall has a claim for past pain and suffering.

35.

As a result of Defendant's negligence, Ms. Hall has a claim for future pain and suffering.

**WHEREFORE**, Plaintiff Hall prays for the following:

(a)     That process and summons issue requiring Defendant Publix Super Markets, Inc. to appear as provided by law and to answer the allegations of this Complaint;

(b)     A trial by jury;

(c)     Recovery for her past and future physical pain and suffering;

(d)     Recovery for her past and future mental and emotional pain and suffering;

(e)     Recovery of past special damages in the amount of eight thousand two hundred eighty-six dollars and thirty-seven cents ($8,286.37);

(f)     Recovery for present, and future medical, hospital, and other items of special damages;

(g)     That all costs be cast against Defendant Publix;

(h)     Her loss of enjoyment of life; and

(i)     For such other and further relief as the Court deems just and appropriate.

Copy from re:SearchGA

This __18th__ day of February, 2021.

Respectfully submitted,

**BEY & ASSOCIATES, LLC**

Tifanie Owens, Esq.
Georgia Bar No.: 868125
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3200
Atlanta, Georgia 30303
Telephone: (404) 344-4448.

-7-

Copy from re:SearchGA

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **CARLA HALL** | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | **FILE NO.** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **PUBLIX SUPER MARKETS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## VERIFICATION

Personally, appeared before me, **CARLA HALL**, who, after first being duly sworn, deposes and states under oath that I have read the foregoing **Verified Complaint**, and that the presented facts stated therein are true and correct to the best of my knowledge.

Respectfully submitted on this _____02/17/2021_____.

_____
**CARLA HALL**

-8-

Copy from re:SearchGA

EXHIBIT C

State Court of Fulton County
**E-FILED**
21EV001042
2/26/2021 10:47 AM
Christopher G. Scott, Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

CARLA HALL,

Plaintiffs,

v.

PUBLIX SUPER MARKETS, INC.,

Defendant,

CIVIL ACTION
FILE NO. 21EV001042

### AFFIDAVIT OF SERVICE

COMES NOW, RANDAL GEORGE, before the undersigned officer duly authorized to administer oaths and states that he is a citizen of the United States, he is over the age of eighteen (18), he is not a party to the suit, he is not a relative to any party in the suit, he is not a convicted felon, he is not the attorney for any party in the suit, he has no financial interest in the litigation, and he is wholly disinterested in the litigation.

Randal George states that he served **PUBLIX SUPER MARKETS, INC.** on February 22, 2021 at 4:33 PM by serving its registered agent Corporate Creations Network, Inc. at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066 with:

SUMMONS; VERIFIED COMPLAINT; PLAINTIFF CARLA HALL FIRST INTERROGATORIES TO DEFENDANT PUBLIX SUPER MARKETS, INC.; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PUBLIX SUPER MARKETS, INC. and PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PUBLIX SUPER MARKETS, INC.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this February 23, 2021

RANDAL GEORGE
4164 Indian Trace
Lilburn, GA 30047
(404) 840-2822

NOTARY PUBLIC
Sworn to and subscribed before me
This February 23, 2021
My commission expires:

ba/at



NITISHA KOSHY
MY COMMISSION EXPIRES
MAY
04
2021
FULTON COUNTY, GA
NOTARY PUBLIC



IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 21 EX 000002

STATE COURT OF FULTON COUNTY
ATLANTA, GEORGIA

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

FILED IN OFFICE
JAN 0 1 2021
DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

IT IS HEREBY ORDERED that the following persons:

| | | | |
|---|---|---|---|
| ABRAHAM, ROBYN L. | ELLIOTT, MAURICE | KAHSSU, HAILE TANKEY | SANDERS, SHAKILLA TERIA |
| ALLEN, LAKEITA TYESHA | FARKAS, BELA | KIDD, ELIZABETH A. | SAXON, JASMINE N. |
| ANDERSON, WILLIAM JAMES | FAULKENER, DANA VANESSE | KING, AMOS | SAXON, RASHAD L. |
| ANDREWS II., GENE EDWARD | FAZZIO, DEDREA L. | KIRKLAND, SHIRLEY PATRICIA | SAXON, ROBIN L. |
| AQUIRRE, ANTUAN SAUL | FERRERO, AMY LYNN | KOTLAR, MICHAEL JOHN | SAXON-FORD, VIRGINIA L. |
| ARMSTRONG, CHRISTOPHER J. | FISHER, DAWN WALLS | LAUSMAN, MARSHA CAROLINE | SEKLECKI, CHRISTIAN GANTT |
| BAILEY, ANNA MARIE | FITZGERALD, FLORETTA | LETTS, WILLIAM EARL | SHEPHERD, ELIZABETH A. |
| BARNEY JR., STEVEN MICHAEL | FOLDS, CATHERINA PILAR | LEWIS, KENNI J. | SIBBALD, JOHN WILLIAMS |
| BARRON, SHANE WILLIS | FOLDS, GEORGE LARRY | LOUIS, CLYDE A. | SINGLETON, WESLEY GENE |
| BARRY, PAUL EDWIN | FORD, RONNIE | LUTWACK, WILLIAM CIRO | SMITH JR., BRUCE RICHARD |
| BASHAM, JAMES STEVEN | FOX, JUHANI ALLEN | MAGGARD, ANDREW M. | SMITH, DELACIE |
| BENITO, RICHARD DAVID | FREESE, JESSICA RENEE | MALLAS, NICHOLAS ANDREW | SMITH, RONALD L. |
| BOLLING, KATHERINE DEVORE | FULLER, THOMAS WAYNE | MCCLELLAN, RODNEY J. | SMITH, VIRGINIAELIZABETH CHARLES |
| BRAZEMAN, CRAIG PHILIP | GALVIN, ELIZABETH MARY | MCGAHEE, LARRY LOUIS | SNELLINGS, SHARON ELAINE |
| BRIDGES, KAYLA DENISE | GAYLE, EARL WINSTON | MCMILLON, ERICKA DANIELLE | SPEARS, JOYE L. |
| BRILEY, DONNIE C. | GELVIN, TAMMY ANITA | MITCHELL, KEVIN JOSEPH | STANTON, CHRISTOPHER SCOTT |
| BRYANT, SHEMIKA ROCHELLE | GEORGE, RANDAL LEE | MORGAN, TODD VERNELL | STEWART, RONNIE NORRIS |
| BUNCH, KIM | GIBBS III., THOMAS DAVID | MORRISON, ZURI MCEADY | STINYARD, KELVIN |
| BYER, EDMOND JOHN | GILES, HERBERT FREDERICK | MOTT, CYNTHIA | STONE, ALESIA ANDREA |
| CARITHERS, GREGORY ALLEN | GREEN, ANJENAI G. | MUHAMMAD, AZIZAH | STONE, RODNEY DAVID |
| CHILDRESS, CLIFTON | GREENWAY, KIMBERLY BEHELER | MURPHY JR., GREGORY BERNARD | SWINDLE, FRANK LEE |
| CLEMMONS, JOYCE YVONNE | GRIMSHAW, SHANE KELLEE | MURRAH, JUANQUALO DEMON | SWINGER, INA LYNN |
| CLINE, TRAVIS DANIEL | HANDLEY, WILEY D. | NICHOLS, JEAN GRINWIS | TASSAW, BERHANE B. |
| COCHRANE, BABETTE DAWN | HARRIS, PARKS WAYNE | NICHOLS, LATHAN OTTO | THOMPSON, VANESSA |
| COLLIER, WILLIAM MICHAEL | HASSAN, MUHSIN SHAHID | NOLEN, MILTON LEE | THRASH, NANCY M. |
| COOK, CHRIS LAMAR | HASSAN, MUHSIN SHAHID | O'LEARY, CHRISTINE LOUISE | TORT, HENRY |
| CUNNINGHAM, SALLY K. | HEIMERICH JR., RICHARD PAUL | PANNELL, NICOLE D. | TROY, DOUGLAS ADAM |
| DALMAN, JONATHAN BRADFORD | HIGHSMITH, AMOS MATTHEW | PANNELL, NICOLE D. | TURNER, TRAVIS DAVON |
| DAMBACH-CIRKO, PATRICIA JOYCE | HIGHTOWER, ANTHONIO EDWARD | PARKER, ADAM DEAN | VELASQUEZ, JULIUS O. |
| DANIELS, SONIA LYNN | HILL, HOLLIS JEROME | PARKER, ATARI L. | WALKER WHISBY, KATARA Y. |
| DAVENPORT, ALTERICK SHEREFF | HINDSMAN, CHERROD TER-RAY | PERLSON, MARC DAMON | WASHINGTON, SABRINA ANEATHA |
| DAVIDSON, DANNY DOUGLAS | HINES, JAMES WILLIAM | RANSOME, MAURICE | WATT, ROOSEVELT |
| DAVIDSON, MITCHELL THOMAS | HORTON, CHRISTOPHER TODD | RAUSER, JAYNE E. | WEBBER, MELINA MARY |
| DAY, DUANE DAVIDSON | HUDSON, HAKIMAH | RECKERSDREES, THOMAS NMN | WEEKS, FRANCES MARIAN |
| DERRICHO JR., DAVID EMANUEL | HUDSON, KYLE | REDDICK, DEREK LAMAR | WEST, ERIC NOEL |
| DEVAUGHN, CARL LINTON | HUGULEY, CK ADONNI | RICHARDSON, LEROY ANTHONY | WILLIAMS, JACK LELAND R. |
| DOLBIER, JEFFERY ALAN | HUMPHREY, JOVIERA Y. | RIVERS, MICHAEL THOMAS | WILLIAMS, LAVERN |
| DREEMAN, DOUGLAS E. | IRVINE, XAVIER ANTOINE | ROBINSON, JEROY | WINKELMAN, NAN LANGFORD |
| EARTHRISE, ROCHELLE DENISE | JAMES, FRANK HUGH | RUDDOCK, MARGARET A. | WOLFE, LISE LYNN |
| ECHOLS, ERIC DWIGHT | JENKINS, STEPHANIE DENISE | RUTLEDGE, RONALD WILLIAM | WRIGHT, CHRISTOPHER K. |
| ECHOLS, PATRICIA IZETTA | JOHNSON, EARL C. | SADLER JR., JOHN THURSTON | ZAYAS, ROBERTO |

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2021, without the necessity of an order for appointment in each individual case.

SO ORDERED, this _1_ day of January, 2021.

Susan E Edlen

Chief Judge Susan Edlein, Fulton County State Court

Copy from re:SearchGA

EXHIBIT D

State Court of Fulton County
**E-FILED**
21EV001042
2/18/2021 8:01 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CARLA HALL | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | **FILE NO.** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **PUBLIX SUPER MARKETS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### PLAINTIFF CARLA HALL FIRST INTERROGATORIES TO
### DEFENDANT PUBLIX SUPER MARKETS, INC.

Defendant Publix Super Markets, Inc. is requested to respond to the following written interrogatories pursuant to O.C.G.A. §9-11-33.

Defendant is required to answer these interrogatories separately and fully, in writing, under oath, and to serve a copy of defendant's answers to the attorney for the plaintiff within forty-five (45) days after service.

If an interrogatory seeks information contained in a document, defendant may attach a copy of the document in lieu of answering that interrogatory. If defendant chooses to answer by reference to a document, its answer must identify the document upon which defendant relies. These interrogatories are continuing in nature until the day of trial, and defendant is required to serve supplemental answers as additional information becomes available.

The terms "defendant" and "you" and any synonym or plural thereof and derivatives therefrom means the defendant, and, in addition, counsel for defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on defendant's behalf. See O.C.G.A. §9-11-33(a).

Copy from re:SearchGA

The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents", whether used or not.

The words "identify" or "identity" used in conjunction with "documents" means to state the date of the document, its author and sender (if appropriate), its intended recipient (if appropriate), and a general statement of the form and content of each such document reflecting the contents of the document and the identity of its custodian.

The words "identify", or "identity" when used in conjunction with a request for the identity of a "person" means to state the person's complete name, home address, home phone, business address, business phone, and job description if you can describe it.

Defendant is reminded of the duty to supplement defendant's answers to these Interrogatories as

Copy from re:SearchGA

required by O.C.G.A. §9-11-26(e).

## **INTERROGATORIES**

1.

Identify yourself including your name, age, address, social security number, your official position and relation to the Defendant.

2.

Identify all persons who have assisted in or were consulted in the process of gathering the information requested herein and as to each person state the interrogatory for which he or she provided information.

3.

Identify the complete names, address, including county, and dates of employment of all management personnel of Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331, including each manager and assistant manager, who were employed on March 15, 2019.

4.

Please describe in complete detail the duties and responsibilities of all management personnel, including managers and assistant managers, at Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331 as those duties and responsibilities existed on March 15, 2019.

5.

Identify the complete name, address, including county, and dates of employment of all non-management personnel of Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331, who were employed on March 15, 2019.

6.

Please describe in complete detail the duties and responsibilities of all non-management

Copy from re:SearchGA

personnel at Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331 as those duties and responsibilities existed on March 15, 2019.

7.

Please describe in complete detail the policy of Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331 regarding safety inspections of the store and all of its effects.

8.

With respect to each policy of liability insurance (automobile, umbrella, and any other coverage) which may be responsible for providing you with liability coverage for the claims made by Plaintiff(s), please:

a.     identify all insurance companies which may have coverage, and as to each:

b.     state the extent of coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage; and

c.     the policy numbers of each policy.

9.

With respect to each person who witnessed, or claims to have witnessed, or has knowledge of any facts concerning, the incident of March 15, 2019, which is the subject of this lawsuit please:

a.     identify each person;

b.     state whether you have obtained a statement from them, and state the date the statement was obtained, and the identity of the person who took the statement;

c.     describe the information which they possess which is relevant to this action;

d.     identify all documents which record, reflect, or otherwise evidence statements they have given and your communications with them; and

Copy from re:SearchGA

    e.      produce a copy of all statements referred to in response to Interrogatory No. 9.

10.

With respect to any maps, pictures, photographs, videotapes, drawings, diagrams, measurements or other written or recorded descriptions of the incident, the scene of the incident, or the areas or persons involved (including plaintiff) that you, or any agent or employee of yours, have possession or control of, or know of the existence of, please state:

    a.      Its nature or type and specific subject matter;

    b.      The date and time it was made or taken;

    c.      The identity the person making or taking it;

    d.      Its present location; and

    e.      The identity of the person at whose request it was made or taken.

11.

Please state the name and address, including county, of each and every person, whether present at Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331 on March 15, 2019 or not, whom you contend can testify that Ms. Hall did not suffer any injuries.

12.

Please state in detail the policy or procedure Defendant had in place on March 15, 2019 for inspecting the premises and approaches at issue, including in the response, (a) how often the premises and approaches was inspected: (b) what the inspector was looking for in such inspection; (c) what adjustments to the premises and approaches the inspector was authorized to make.

13.

Identify all persons or corporations who were the registered owners or who had any legal

Copy from re:SearchGA

or equitable interest in the Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331 on March 15, 2019, at the time of the incident described in the Complaint.

14.

Please provide the name and address, including county, of each and every person who [over the past seven years] made any claim against Defendant for allegedly falling, slipping, tripping or nearly falling on the premises or approaches of an establishment owned or operated by Defendant, including, but not limited to, the Publix at issue.

15.

Please identify the name, phone number and address of the employee who dropped the heavy box on Plaintiff on March 15, 2019.

16.

Please state how the employee dropped the box on Plaintiff at the Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331 on March 15, 2019. Include the reason for your response and any materials, documents, videos, photographs or evidence used to determine the length of time stated in the response to this interrogatory.

17.

Describe in detail how the incident referenced in the Complaint involving Plaintiff on March 15, 2019 happened, stating in your answer all events relating thereto in their sequential order, including all actions taken by you or an employee of Publix to prevent or assist Plaintiff.

18.

Describe in detail each act or omission on the part of plaintiff which you contend constituted negligence that was a contributing factual cause of the incident which occurred on March 15, 2019.

Copy from re:SearchGA

19.

Please describe as fully as possible the date, time, and the number of customers inside of the Publix at issue in Plaintiff's Complaint.

20.

Please identify each person you expect to call as an expert witness at the trial of this action and as to each:

a.      Describe his/her qualifications as an expert;

b.      State the subject matter upon which she is expected to testify;

c.      State his/her opinions and include a summary of the grounds for each opinion;

d.      Identify all documents which have   been   exchanged   with   each   witness, including reports and billing statements and payments;

e.      Describe the financial arrangements with the expert;

f.      Identify all actions in which the expert has provided testimony in the five years preceding your response; and

g.      Identify all documents prepared by each witness which relate to the subject matter of this lawsuit.

21.

Please state the complete name; home and business addresses; and home, business, and cell phone numbers of each and every person you have had to analyze any videotape of the subject incident and provide as to each the opinions held regarding the cause of Ms. Hall's incident.

22.

For March 15, 2019, please state with specificity the time when every inspection of the

Copy from re:SearchGA

premises and approaches was undertaken, including who performed the inspection, their phone number, address, job title and date of employment.

23.

If you have denied any one or more of First Request for Admissions to Defendant, please state your grounds for each such denial and specify the facts on which you base each such denial.

24.

Please identify by complete name; home and business addresses; home, business and cell phone numbers for each person who served in the following positions on March 15, 2019: (a) Director of Loss Prevention; (b) Safety Director; (c) Store Manager; and (d) General Manager.

This __18th__ day of February, 2021.

Respectfully submitted,

**BEY & ASSOCIATES, LLC**

Tifanie Owens, Esq.
Georgia Bar No.: 868125
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3200
Atlanta, Georgia 30303
Telephone: (404) 344-4448.

Copy from re:SearchGA

EXHIBIT E

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV001042**
**2/18/2021 8:01 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CARLA HALL | ) |
| | ) **CIVIL ACTION** |
| **Plaintiff,** | ) **FILE NO.** |
| | ) |
| **v.** | ) |
| | ) **JURY TRIAL DEMAND** |
| **PUBLIX SUPER MARKETS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
### DEFENDANT PUBLIX SUPER MARKETS, INC.

In compliance with O.C.G.A.§9-11-36, Defendant Publix Super Markets, Inc. (hereinafter "Defendant") is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on the forty-fifth (45th) day after service of this request. As required by statute, defendant is required to respond to this request in writing.

Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request For Admissions to Defendant, defendant serves a written answer, or objection, addressed to each fact.

1.

On March 15, 2019, Defendant was the owner of Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331.

2.

On March 15, 2019, Defendant was operating Publix, located at 3730 Carmia Drive, #200, Atlanta, GA 30331, for business and was open to the public.

Copy from re:SearchGA

3.

On March 15, 2019, Plaintiff Carla Hall was a customer at Publix, located at 3730 Carmia Drive, #200, Atlanta, GA 30331.

4.

On March 15, 2019, Defendant allowed an employee to stock shelves of Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331.

5.

On March 15, 2019, Defendant was aware or should have been aware that an employee was improperly stocking shelves on the Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331.

6.

On March 15, 2019, Defendant failed to properly train employee's safely stock shelves.

7.

On March 15, 2019, Defendant's employee dropped a heavy box on Plaintiff Carla Hall.

8.

On March 15, 2019, Plaintiff Carla Hall suffered injuries from an incident that occurred at the Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331.

9.

On March 15, 2019, Plaintiff Carla Hall was an invitee of Defendant.

10.

On March 15, 2019, Defendant was the proximate and direct cause of Plaintiff's injuries.

Copy from re:SearchGA

11.

Plaintiff received medical treatment for injuries she sustained from the incident that occurred at Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331.

12.

On March 15, 2019, Defendant did not have procedures in effect for properly and safely stock shelves of Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331.

13.

On March 15, 2019, Defendant's employees helped Plaintiff after the incident.

14.

Defendant has been properly served with process in this action.

15.

Defendant is subject to the jurisdiction and venue of this court.

This _18th_ day of February, 2021.

Respectfully submitted,

**BEY & ASSOCIATES, LLC**

_____
Tifanie Owens, Esq.
Georgia Bar No.: 868125
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3200
Atlanta, Georgia 30303
Telephone: (404) 344-4448.

Copy from re:SearchGA

EXHIBIT F

State Court of Fulton County
**E-FILED**
21EV001042
2/18/2021 8:01 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CARLA HALL | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | **FILE NO.** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **PUBLIX SUPER MARKETS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PUBLIX SUPER MARKETS, INC.

In compliance with O.C.G.A. §9-11-34, Defendant Publix Super Markets, Inc. is required to produce and permit Plaintiff to inspect and copy the designated documents. The production, inspection, copying, and all related acts shall take place at the offices of the attorneys for the Plaintiff, commencing at 10:00 am, on the first business day following the 45th day after the date you are served with this Request for Production of Documents, or any other date convenient to counsel for all parties, and continuing from day to day thereafter until inspection, copying and related acts are completed by Plaintiff.

Defendant is reminded of the duty to supplement the responses to this Request for Production of Documents as required by O.C.G.A. §9-11-26.

The definitions included in the Interrogatories served on this Defendant are incorporated by reference and apply to the requested documents.

In the alternative, Defendant may provide a true and accurate copy of the requested documents within forty-five (45) days after receipt of this Request for Production of Documents by mailing copies of the produced documents to the offices of the attorneys for the Plaintiff.

### IDENTIFICATION OF PRIVILEGED DOCUMENTS

Copy from re:SearchGA

If the production of any document is withheld pursuant to a claim of a privilege, Defendant is required to provide, in lieu of production, the following identifying information on each such document; a) title; b) date; c) author; d) addressee; e) all copy addresses; f) a brief description of the document with sufficient specificity to reveal its subject matter; g) the form of the document and any attachments; h) the present location of the document; I) the identity of the person or persons who have custody, control, or possession of the document; and j) a statement of the basis on which the privilege is claimed.

1.

Produce copies of any statements obtained by you from any witnesses or any other individual (including but not limited to Plaintiff and Defendant) pertaining to the incident which is the subject matter of this lawsuit.

2.

Produce copies of any photograph in the possession of your insurance carrier, your attorney, or yourself of the scene of the incident involving Plaintiff which occurred on March 15, 2019.

3.

Produce copies of any videos in the possession of your insurance carrier, your attorney, or yourself of the subject incident involving Plaintiff that occurred on March 15, 2019. Including the two hours directly preceding the incident, the incident itself, and the moments subsequent to the incident until the Plaintiff exits the Publix located at 3730 Carmia Drive, #200, Atlanta, GA 30331.

4.

Provide copies of each insurance policy or policies (automobile, umbrella, and all others

Copy from re:SearchGA

of any kind) covering you and/or the Publix you owned and operated located at 3730 Carmia Drive, #200, Atlanta, GA 30331 on March 15, 2019, including the declaration pages.

5.

Provide copies of all documents which record, reflect, or otherwise evidence, in whole or in part, documents referred to, or in any way relied on, or identified, in your responses to the First Interrogatories to Defendant.

6.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any report or bill from any doctor, hospital, clinic, x-ray laboratory, chiropractor, ambulance, or any other medical facility or medical source, which relate to Plaintiff.

7.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, incident reports, internal investigations, accident reports, and any other investigations of any kind conducted by you or on your behalf of any kind relating to the incident which occurred on March 15, 2019.

8.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any investigation conducted by you, or any agent of you, conducted in the usual and ordinary course of business relating to the incident which occurred on March 15, 2019.

9.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any person claiming to have been in the sight, hearing or in the approximate vicinity of Plaintiff incident which occurred on March 15, 2019.

Copy from re:SearchGA

10.

Produce all documents which record, reflect, or otherwise evidence, in whole or in part, any procedures the Defendant has in place to ensure the premises and approaches are safe.

11.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any photographs, videotapes and surveillance of any kind which document the physical abilities and activities of the Plaintiff.

12.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any defenses Defendant has made in response to Plaintiff's Complaint.

13.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any communications of any kind with Plaintiff.

14.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, Plaintiff's ability to work including employment applications, lost time records, and any documents of any kind from Plaintiff's employer.

15.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, information and data containing the names and addresses of all witnesses to all or part of the allegations set forth in the Complaint and copies of any and all written data and information obtained from said witness.

Copy from re:SearchGA

16.

Produce copies of all documents which record, reflect, otherwise evidence, in whole or in part, information and data containing the names and addresses of all employees who worked on March 15, 2019.

17.

If you have denied any one or more of the First Request for Admissions to Defendant, please produce copies of all documents relied upon by this defendant in each such denial.

This __18th__ day of February, 2021.

Respectfully submitted,

**BEY & ASSOCIATES, LLC**

Tifanie Owens, Esq.
Georgia Bar No.: 868125
Attorneys for Plaintiff

Type text here

191 Peachtree Street, NE, Ste. 3200
Atlanta, Georgia 30303
Telephone: (404) 344-4448.

Copy from re:SearchGA

EXHIBIT G

State Court of Fulton County
**E-FILED**
21EV001042
3/11/2021 2:18 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CARLA HALL | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | **FILE NO. 21EV001042** |
| | ) | |
| | ) | |
| **v.** | ) | <u>**JURY TRIAL DEMAND**</u> |
| | ) | |
| | ) | |
| **PUBLIX SUPER MARKETS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

### <u>NOTICE OF AGREEMENT TO EXTEND ANSWER</u>

NOW COMES, Plaintiff by and through her counsel, and hereby informs this Court that the Defendant, Publix Super Markets, Inc. without representation at this time, has requested a thirty (30) day extension to respond to the Plaintiff's complaint in efforts to try and resolve said matter without futher litigation. Plaintiff has agreed to said extension on a good faith basis to resolve this matter. Specifically, Plaintiff has agreed that Defendant's Answer should be due on April 23, 2021, unless this matter is resolved otherwise.

Respectfully submitted this 11th day of March, 2021.

**BEY & ASSOCIATES LLC**

_____
Tifanie Owens
Georgia Bar No.
Attorney for Plaintiff

191 Peachtree Street N.E., Suite 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107

Copy from re:SearchGA

EXHIBIT H

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

CARLA HALL,                          )
                                     )
        Plaintiff,        )
                                     )
vs.                                  )
                                     )    Civil Action
PUBLIX SUPER MARKETS, INC.,          )    File No.:  21EV001042
                                     )
        Defendant.        )
                                     )
                                     )
                                     )

## DEFENDANT PUBLIX SUPER MARKETS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW Publix Super Markets, Inc. ("Publix" hereinafter), Defendant in this action, and hereby files its Answer and Defenses to Plaintiff's Verified Complaint ("Complaint" hereinafter), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Venue is improper and the Complaint must be dismissed on these grounds.

### THIRD DEFENSE

In response to the individually numbered paragraphs in Plaintiff's Complaint, Publix responds as follows:

### PRELIMINARY STATEMENT

1.

Paragraph 1 of Plaintiff's Complaint states a legal conclusion to which no response

is required.  Should the Court deem any response necessary, Publix denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

## PARTIES, JURISDICTION, AND VENUE

2.

Publix is without knowledge sufficient to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore must deny the same.

3.

Publix admits it is a foreign corporation organized and existing under the laws of the State of Florida and authorized to conduct business in the State of Georgia. Publix does not contest this Court's jurisdiction, but denies venue is proper in Fulton County. Publix admits service of the Summons and Complaint is proper upon Publix by serving its registered agent Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, GA 30066.

4.

Publix admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Publix admits this court has jurisdiction over this case, but denies venue is proper. All remaining allegations contained in Paragraph 5 of Plaintiff's Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

## OPERATIVE FACTS

6.

Publix admits Plaintiff entered the Publix Super Market located at 3730 Carmia Drive, #200, Atlanta, GA 30331 in Fulton County on March 17, 2009.  The remaining allegations contained in Paragraph 6 of Plaintiff's Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Publix admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Paragraph 8 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Paragraph 9 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Publix admits that when the incident took place Plaintiff was in the deli section. Publix is without knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore must deny the same.

11.

Publix admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Publix admits a box fell from a rack and struck Plaintiff on her neck and left shoulder.  Publix denies all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Publix is without knowledge sufficient to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore must deny the same.

## COUNT I – NEGLIGENCE

14.

Publix incorporates and reasserts by reference its responses to Paragraphs 1 through 13 above as if fully set forth verbatim herein.

15.

Paragraph 15 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Paragraph 16 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Publix denies having actual knowledge of Plaintiff's physical location in the Publix Super Market at the time of the incident. Upon information and belief, Publix admits at least one of its associates had knowledge of Plaintiff's location in the Publix Super Market. Publix denies all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Paragraph 18 of Plaintiff's Complaint states a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Publix denies all allegations contained in Paragraph 19 regarding its alleged failure to train its associates.  All remaining allegations contained in Paragraph 19 of Plaintiff's Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Publix is without knowledge sufficient to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore must deny the same.

21.

Publix is without knowledge sufficient to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint regarding Plaintiff's alleged injuries, and therefore must deny the same.  All remaining allegations contained in Paragraph 21 of Plaintiff's

Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Publix is without knowledge sufficient to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint regarding Plaintiff's alleged medical treatment or injuries, and therefore must deny the same. All remaining allegations contained in Paragraph 22 of Plaintiff's Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Publix is without knowledge sufficient to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint regarding Plaintiff's alleged medical expenses, and therefore must deny the same. All remaining allegations contained in Paragraph 23 of Plaintiff's Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Publix is without knowledge sufficient to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint regarding Plaintiff's alleged injuries or medical expense, and therefore must deny the same. All remaining allegations contained in Paragraph 24 of Plaintiff's Complaint state a legal conclusion to which no response is

required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

### COUNT II – NEGLIGENT HIRING, TRAINING & SUPERVISION

25.

Publix incorporates and reasserts by reference its responses to Paragraphs 1 through 24 above as if fully set forth verbatim herein.

26.

Publix denies all allegations it failed to properly train or hire its associates. All remaining allegations contained in Paragraph 26 of Plaintiff's Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Publix denies all allegations it failed to properly train its associates. All remaining allegations contained in Paragraph 27 of Plaintiff's Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Publix denies all allegations it failed to properly supervise its associates. All remaining allegations contained in Paragraph 28 of Plaintiff's Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 28 of Plaintiff's

Complaint.

29.

Publix denies all allegations it failed to properly hire or train its associates. All remaining allegations contained in Paragraph 29 of Plaintiff's Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

## **COUNT III – DAMAGES**

30.

Publix incorporates and reasserts by reference its responses to Paragraphs 1 through 29 above as if fully set forth verbatim herein.

31.

Publix is without knowledge sufficient to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint regarding Plaintiff's alleged injuries, and therefore must deny the same.  All remaining allegations contained in Paragraph 31 of Plaintiff's Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Publix is without knowledge sufficient to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint regarding Plaintiff's alleged medical expenses, and therefore must deny the same.  All remaining allegations contained in Paragraph 32 of

Plaintiff's Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Publix is without knowledge sufficient to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint regarding Plaintiff's alleged medical expenses, and therefore must deny the same.  All remaining allegations contained in Paragraph 33 of Plaintiff's Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Publix is without knowledge sufficient to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint regarding Plaintiff's alleged pain and suffering, and therefore must deny the same.  All remaining allegations contained in Paragraph 34 of Plaintiff's Complaint state a legal conclusion to which no response is required. Should the Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Publix is without knowledge sufficient to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint regarding Plaintiff's alleged pain and suffering, and therefore must deny the same.  All remaining allegations contained in Paragraph 35 of Plaintiff's Complaint state a legal conclusion to which no response is required. Should the

Court deem any further response necessary, Publix denies the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Any allegation, language or paragraph contained in Plaintiff's Complaint which has not been expressly responded to by Publix is hereby denied by Publix.

37.

Publix denies that Plaintiff is entitled to recover from it any damages or relief for which she has prayed in the unnumbered paragraph beginning "WHEREFORE."

WHEREFORE, having fully answered, Publix demands judgment in its favor. Publix further requests a trial by a jury of twelve (12) on all issues.

This 23rd day of April, 2021.

Respectfully submitted,

COPELAND, STAIR, KINGMA & LOVELL, LLP

Copeland, Stair, Kingma
& Lovell, LLP
191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 522-8220
Facsimile (404) 523-2345
cmcdaniel@cskl.law
mgreene@cskl.law

By: */s/ Melissa C. Greene*
　　CHARLES M. MCDANIEL, JR.
　　Georgia State Bar No. 487905
　　MELISSA C. GREENE
　　Georgia State Bar No. 580723

　　*Attorneys for Publix Super Markets, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

**DEFENDANT PUBLIX SUPER MARKETS, INC.'S ANSWER AND DEFENSES**

**TO PLAINTIFF'S VERIFIED COMPLAINT** pleading upon all parties to this matter

via electronic filing, addressed to counsel of record as follows:

Tifanie Owens
BEY & ASSOCIATES, LLC
191 Peachtree Street, NE, St. 3200
Atlanta, Georgia 30303

This 23rd day of April, 2021.

Respectfully submitted,

COPELAND, STAIR, KINGMA &
LOVELL, LLP

Copeland, Stair, Kingma
& Lovell, LLP                              By:  */s/ Melissa C. Greene*
191 Peachtree Street, NE, Suite 3600            CHARLES M. MCDANIEL, JR.
P.O. Box 56887 (30343-0887)                     Georgia State Bar No. 487905
Atlanta, GA 30303-1740                          MELISSA C. GREENE
Telephone (404) 522-8220                        Georgia State Bar No. 580723
Facsimile (404) 523-2345
cmcdaniel@cskl.law                              *Attorneys for Publix Super Markets,*
mgreene@cskl.law                                *Inc.*

7709112v.1

EXHIBIT I

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

CARLA HALL,                          )
                                     )
          Plaintiff,                 )
                                     )
vs.                                  )
                                     )        Civil Action
                                     )        File No.:  21EV001042
PUBLIX SUPER MARKETS, INC.,          )
                                     )
          Defendant.                 )
                                     )
                                     )
                                     )

## DEFENDANT PUBLIX SUPER MARKETS, INC.'S DEMAND FOR JURY TRIAL BY TWELVE

COMES NOW Defendant Publix Super Markets, Inc. ("Publix" hereinafter) and

hereby demands that the above captioned case be tried by a jury of twelve.


This 23rd day of April, 2021.


                                     Respectfully submitted,

                                     COPELAND, STAIR, KINGMA &
                                     LOVELL, LLP

                                     By: /s/ Melissa C. Greene
Copeland, Stair, Kingma                  CHARLES M. MCDANIEL, JR.
& Lovell, LLP                            Georgia State Bar No. 487905
191 Peachtree Street, NE, Suite 3600     MELISSA C. GREENE
P.O. Box 56887 (30343-0887)              Georgia State Bar No. 580723
Atlanta, GA 30303-1740
Telephone (404) 522-8220
Facsimile (404) 523-2345                 *Attorneys for Publix Super Markets,*
cmcdaniel@cskl.law                       *Inc.*
mgreene@cskl.law

7715053v.1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing DEFENDANT PUBLIX SUPER MARKETS, INC.'S DEMAND FOR JURY TRIAL BY TWELVE pleading upon all parties to this matter via electronic filing, addressed to counsel of record as follows:

Tifanie Owens
BEY & ASSOCIATES, LLC
191 Peachtree Street, NE, St. 3200
Atlanta, Georgia 30303

This 23rd day of April, 2021.

Respectfully submitted,

COPELAND, STAIR, KINGMA & LOVELL, LLP

Copeland, Stair, Kingma
& Lovell, LLP
191 Peachtree Street, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
Telephone (404) 522-8220
Facsimile (404) 523-2345
cmcdaniel@cskl.law
mgreene@cskl.law

By: /s/ Melissa C. Greene
CHARLES M. MCDANIEL, JR.
Georgia State Bar No. 487905
MELISSA C. GREENE
Georgia State Bar No. 580723

*Attorneys for Publix Super Markets, Inc.*

7715053v.1

EXHIBIT J

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

CARLA HALL,                              )
                                        )
      Plaintiff,                     )
                                        )
v.                                      )
                                        )    CIVIL ACTION NO.: 21EV001042
PUBLIX SUPER MARKETS, INC.,             )
                                        )

## RULE 5.2 CERTIFICATE OF SERVICE

I hereby certify that pursuant to Superior/State Court Uniform Rule 5.2, I have served upon all parties to this matter a copy of the following pleadings:

1. **Defendant Publix Super Markets, Inc.'s First Request for Admissions to Cara Hall; and**

2. **Defendant Publix Super Markets, Inc.'s First Interrogatories and Request for Production of Documents to Plaintiff.**

by electronic service and/or by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Tifanie Owens, Esq.
191 Peachtree Street, NE, Ste. 3200
Atlanta, Georgia 30303

This 23rd day of April, 2021.

7719624v.1

COPELAND STAIR KINGMA
& LOVELL, LLP

/s/ Melissa C. Greene
CHARLES M. MCDANIEL, JR.
Georgia Bar No.: 487905
MELISSA C. GREENE
Georgia Bar No.: 580723
*Attorneys for Publix Super*
*Markets, Inc.*

191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303-1740
404-522-8220
cmcdaniel@cskl.law
mgreene@cskl.law
          .........
P.O. Box 56887
Atlanta,

EXHIBIT K

State Court of Fulton County
**E-FILED**
21EV001042
5/21/2021 2:30 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CARLA HALL** | ) |
| | ) **CIVIL ACTION** |
| **Plaintiff,** | ) **FILE NO. 21EV001042** |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **PUBLIX SUPER MARKETS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## LEAVE OF ABSENCE

**COMES NOW,** Tifanie Owens, and respectfully notifies all judges before whom they have pending cases, all affected clerks of court, and all opposing counsel, that they will be on leave pursuant to Georgia Uniform Court Rule 16.

The period of leave during which time Applicant will be away from the practice of law is:

- July 21, 2021 to October 31, 2021

All affected judges and opposing counsel shall have ten days from the date of this Notice to object to the same. If no objections are filed, the leave shall be granted.

Dated: May 19, 2021

**(Signature Page Follows)**

BEY & ASSOCIATES LLC

/s/ Tifanie Owens

_____
Tifanie Owens
Georgia Bar No. 868125
Attorney for Plaintiff

191 Peachtree Street N.E., Suite 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107
Tifanie@beyandassociates.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **CARLA HALL** | **)** |
| | **)**   **CIVIL ACTION** |
| **Plaintiff,** | **)**   **FILE NO. 21EV001042** |
| | **)** |
| | **)** |
| **v.** | **)** |
| | **)** |
| | **)** |
| **PUBLIX SUPER MARKETS, INC.,** | **)** |
| | **)** |
| **Defendant.** | **)** |
| | **)** |
| | **)** |

## CERTIFICATE OF SERVICE

I hereby certify that I have duly served a copy of the foregoing NOTICE OF LEAVE OF

ABSENCE upon all parties via eFiling and U.S. Mail to:

Charles McDaniel, Jr.
Melissa C. Greene
Copeland, Stair, Kingma & Lovell, LLP
191 Peachtree St, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
cmcdaniel@cskl.law
mgreene@cskl.law

Dated: May 19, 2021

BEY & ASSOCIATES LLC

/s/ Tifanie Owens

_____

Tifanie Owens
Georgia Bar No. 868125
Attorney for Plaintiff

191 Peachtree Street N.E., Suite 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107
Tifanie@beyandassociates.com

EXHIBIT L

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV001042**
**5/26/2021 11:19 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

CARLA HALL,                          )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )        Civil Action
                                     )        File No.:  21EV001042
PUBLIX SUPER MARKETS, INC.,          )
                                     )
        Defendant.                   )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing *PLAINTIFF'S RESPONSE TO DEFENDANT PUBLIX SUPERMARKETS, INC.'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF CARLA HALL, PLAINTIFF'S RESPONSE TO DEFENDANT PUBLIX SUPERMARKETS, INC.'S FIRST INTERROGATORIES TO PLAINTIFF CARLA HALL*, and *PLAINTIFF'S RESPONSE TO DEFENDANT PUBLIX SUPERMARKETS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF CARLA HALL,* and **accompanying documentation** by statutory electronic service, addressed as follows:

Melissa C. Greene                     Charles M. McDaniel, Jr.
COPELAND STAIR KINGMA & LOVELL, LLP   COPELAND STAIR KINGMA & LOVELL, LLP
191 Peachtree Street NE, Suite 3600   191 Peachtree Street NE, Suite 3600
Atlanta, Georgia 30303                Atlanta, Georgia 30303
mgreene@cskl.law                      cmcdaniel@cskl.law
*Attorney for Defendant*              *Attorney for Defendant*

Respectfully submitted, this 24th day of May, 2021.

Respectfully submitted,
**BEY & ASSOCIATES LLC**

*Sara D.E. Kelly*
SARA D.E. KELLY, ESQ.
Georgia Bar No. 357586
Attorney for Plaintiff

191 Peachtree Street N.E., Suite 3200
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107
sara@beyandassociates.com

EXHIBIT M

State Court of Fulton County
**E-FILED**
21EV001042
6/4/2021 3:33 PM
Christopher G. Scott, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **CARLA HALL** | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | **FILE NO. 21EV001042** |
| | ) | |
| | ) | |
| **v.** | ) | <u>**JURY TRIAL DEMAND**</u> |
| | ) | |
| | ) | |
| **PUBLIX SUPER MARKETS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## <u>NOTICE OF APPEARANCE</u>

NOW COMES Plaintiff, Carla Hall, and hereby provides Notice of Appearance for counsel Sara Kelly of Bey & Associates, LLC.  Counsel's bar number and contact information are as follows:

Sara Kelly
Georgia Bar No.357586
Bey & Associates, LLC
191 Peachtree Street, N.E. Suite 3200
Atlanta, GA 30303
Phone: 404-344-4448

All further pleadings, orders and notices should be sent to Sara Kelly at the address above.

On this 2nd Day of June 2021

**(Signature Page Follows)**

BEY & ASSOCIATES LLC

*Sara D.C. Kelly*

Sara Kelly
Georgia Bar No. 357586
Attorney for Plaintiff

191 Peachtree Street N.E., Suite 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107
sara@beyandassociates.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **CARLA HALL** | **)** |
| | **)**   **CIVIL ACTION** |
| **Plaintiff,** | **)**   **FILE NO. 21EV001042** |
| | **)** |
| | **)** |
| **v.** | **)**   <u>**JURY TRIAL DEMAND**</u> |
| | **)** |
| | **)** |
| **PUBLIX SUPER MARKETS, INC.,** | **)** |
| | **)** |
| **Defendant.** | **)** |
| | **)** |
| | **)** |

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this date served the within and foregoing NOTICE OF

APPEARANCE upon all parties electronically and by depositing the same in the United States

Mail in a properly addressed envelope with adequate postage thereon to ensure delivery to:

Charles McDaniel, Jr.
Melissa C. Greene
Copeland, Stair, Kingma & Lovell, LLP
191 Peachtree St, NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, GA 30303-1740
cmcdaniel@cskl.law
mgreene@cskl.law

On this 2nd Day of June 2021

**(Signature Page Follows)**

-3-

BEY & ASSOCIATES LLC

*Sara D.C. Kelly*
_____
Sara Kelly
Georgia Bar No. 357586
Attorney for Plaintiff

191 Peachtree Street N.E., Suite 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107
sara@beyandassociates.com

-4-

EXHIBIT N

State Court of Fulton County
**E-FILED**
21EV001042
9/14/2021 4:08 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CARLA HALL** | ) |
| | ) **CIVIL ACTION** |
| **Plaintiff,** | ) **FILE NO. 21EV001042** |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **PUBLIX SUPER MARKETS, INC.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

### JOINT MOTION TO EXTEND DISCOVERY

COME NOW Plaintiffs and Defendant and file this joint motion to extend the discovery period in this case through and including December 22, 2021.

1.

This case is a personal injury action against Defendants that was filed originally on February 18, 2021.

2.

The initial six-month Discovery Period expires on October 22, 2021.

3.

Both Plaintiff and Defendant have served and responded to written interrogatories and requests for production of documents.

4.

This discovery extension is the first that the parties have requested. The parties agree that an extension of time is necessary to complete depositions.

5.

The parties are working on scheduling the depositions of the outstanding witnesses in a timely manner.

6.

Disclosure of experts and expert depositions remain to be taken.

This 14th day of September 2021

                                                **BEY & ASSOCIATES LLC**

                                                *Sara D.C. Kelly*
                                                Sara Kelly
                                                Georgia Bar No. 357586
                                                Attorney for Plaintiff

191 Peachtree Street NE, Suite 3200
Atlanta, GA 30303
Telephone: 404-344-4448
Facsimile: 404-393-6107
sara@beyandassociates.com

Consented to by:

/s/ Melissa Greene

Melissa C. Greene

Copeland, Stair, Kingma & Lovell, LLP

191 Peachtree Street, NE, Suite 3600

Atlanta, GA 30303-1740
mgreene@cskl.law

/s/ Charles Mc Daniel Jr.

Charles M. McDaniel, Jr.

Georgia State Bar No. 487905

Copeland, Stair, Kingma & Lovell, LLP

191 Peachtree Street, NE, Suite 3600

Atlanta, GA 30303-1740
cmcdaniel@cskl.law

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **CARLA HALL** | ) |
| | ) **CIVIL ACTION** |
| **Plaintiff,** | ) **FILE NO. 21EV001042** |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **PUBLIX SUPER MARKETS, INC.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of the within and foregoing Joint Motion to Extend Discovery upon all parties by statutory electronic service throughautomatic notifications sent to all parties:

Melissa C. Greene
Charles M. McDaniel, Jr.
Copeland, Stair, Kingma & Lovell, LLP
191 Peachtree Street, NE, Suite 3600
Atlanta, GA 30303-1740
mgreene@cskl.law
cmcdaniel@cskl.law

This 14th day of September 2021

BEY & ASSOCIATES LLC

_Sara D. C. Kelly_
Sara Kelly
Georgia Bar No. 357586
Attorney for Plaintiff

191 Peachtree Street NE, Suite 3200
Atlanta, GA 30303
Telephone: 404-344-4448
Facsimile: 404-393-6107
sara@beyandassociates.com

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CARLA HALL** | ) |
| | ) **CIVIL ACTION** |
| **Plaintiff,** | ) **FILE NO. 21EV001042** |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **PUBLIX SUPER MARKETS, INC.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## <u>ORDER</u>

This matter came before this Honorable Court on Plaintiffs and Defendants' joint motion to extend discovery. This Court finds the motion to be well-founded and not for the purposes of delay or any other improper purpose. The motion to extend the discovery period in this matter upthrough and including December 22, 2021 is GRANTED.

SO ORDERED this_____day of_____, 2021.

_____
The Honorable Myra H. Dixon

Fulton County State Court Judge